UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SAMPSON HUNTER, et al., | No. 2:19-cv-2340 DB P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, et al., | |
| Defendants. | |

Plaintiffs, David Sampson Hunter and DeAndre Fowler, are county jail inmates proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs have presented several unrelated claims in this action. For the reasons set forth below, the court will dismiss the complaint and direct each plaintiff to file an amended complaint.

The complaint filed in this action is brought and signed by both plaintiffs. (See ECF No. 1 at 6.) Plaintiff Hunter states that he is bringing this action "for his client," plaintiff Fowler. (Id. at 3.) As an initial matter, the plaintiffs are informed that Hunter cannot bring an action on behalf of his fellow inmate because he is proceeding in pro se in this action. Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d

1

696, 697 (9th Cir. 1987)); see also Simon v .Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propia person in his behalf, that privilege is personal to him." Id. (citations omitted). Because Hunter may not pursue a claim on behalf of Fowler, the court will deny the motion to appoint counsel (ECF No. 6) filed by Hunter on behalf of Fowler.

Additionally, the court will require each plaintiff to proceed separately with their claims. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); see Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Fowler has alleged a claim regarding racial discrimination and Hunter has alleged a claim regarding mail fraud. Thus, the claims do not appear to have any common questions of fact or law.

Moreover, an action brought by multiple prisoners in pro se presents "unique problems not presented by ordinary civil litigation." Heilman v. Thumeser, 2011 WL 5508891 at *1 (E.D. Cal. Nov. 9, 2011); see also Mizerak v. Kendricks, 2008 WL 4809866 (E.D. Cal. Nov. 3, 2008) ("[A]n action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion."). This action could be delayed if one of the plaintiffs

were to be transferred or released on parole, and there are inherent difficulties when inmates attempt to communicate with each other and with unincarcerated individuals.

Neither plaintiff has filed an application to proceed in forma pauperis or paid the filing fee. However, the court notes that in a number of other cases have determined that the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. See Heilman, 2011 WL 5508891 at *2; Surrell v. Gilliard, No. 2:19-cv-0261 EFB P, 2019 WL 916766 at *1 (E.D. Cal. Feb. 25, 2019); Treglia v. Kernan, No. C 12-2522 LHK (PR), 2013 WL 1502157 at *1 (N.D. Cal. Apr. 11, 2013); Pinson v. Frisk, No. 13-cv-5502 VC, 2015 WL 738253 at *6 (N.D. Cal. Feb. 20, 2015).

In order to avoid problems related to case-management and filing fees and because the claims appear unrelated, the court will order that plaintiffs' claims be severed. Plaintiff Hunter will proceed in this action, while Fowler will proceed in a separate civil action to be opened by the Clerk of the Court. Each plaintiff will proceed in his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the undersigned. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff will be given thirty days to file, in his own action, an amended complaint and either pay the filing fee or submit an application for leave to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff is cautioned that in order to proceed with their individual actions they will be liable for payment of the $350.00 filing fee. See 28 U.S.C. § 1915(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint counsel (ECF No. 6) is denied without prejudice.
2. The claim of plaintiff Hunter is severed from the claim of plaintiff Fowler.
3. Plaintiff Hunter shall proceed as the sole plaintiff in case No. 2:19-cv-2340.

////

| | |
|---|---|
| 1 | 4. The Clerk of the Court is directed to: |
| 2 |     a. Open a separate civil action for plaintiff Fowler; |
| 3 |     b. Assign the action to the undersigned and make appropriate adjustment in the |
| 4 |        assignment of civil cases to compensate for such assignment; |
| 5 |     c. File and docket a copy of this order in the file opened for plaintiff Fowler; |
| 6 |     d. Place a copy of the complaint filed November 18, 2019, in the file opened |
| 7 |        for plaintiff Fowler |
| 8 |     e. Strike Fowler's name from the caption of Hunter's complaint and strike Hunter's |
| 9 |        name from the caption in Fowler's complaint; and |
| 10 |     f. Send each plaintiff an endorsed copy of the complaint bearing the amended |
| 11 |        caption and the case number assigned to his own individual action. |
| 12 | 5. Each plaintiff's complaint is dismissed. |
| 13 | 6. The Clerk of the Court is directed to send each plaintiff a new form for filing a civil |
| 14 |    rights action under 42 U.S.C. § 1983 and a new Application to Proceed In Forma |
| 15 |    Pauperis By a Prisoner. |
| 16 | 7. Each plaintiff is granted thirty days from the date of service of this order to file an |
| 17 |    amended complaint and a new application to proceed in forma pauperis, using the |
| 18 |    forms provided by the court with this order. Each plaintiff's document must bear the |
| 19 |    docket number assigned to his own individual case and each complaint must be |
| 20 |    labeled "Amended Complaint." Each plaintiff must file an original and two copies of |
| 21 |    his amended complaint. Failure to file an amended complaint or a new application to |
| 22 |    proceed in forma pauperis in accordance with this order will result in a |
| 23 |    recommendation that the plaintiff's action be dismissed. |

Dated: February 7, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/hunt2340.sever.31

4